IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    Case No.   3:24-cv-00574-CMC<br>) |
| **BANK OF AMERICA CORPORATION,** | )<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff Travelers Casualty and Surety Company of America ("Travelers"), by and through the undersigned counsel, states the following for its Complaint against Defendant Bank of America Corporation ("BOA"):

### PARTIES

1. Travelers is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. Thus, Travelers is a citizen of the State of Connecticut for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

2. Upon information and belief, BOA is a corporation organized and existing under the laws of the State of Delaware with its headquarters and principal place of business located in Charlotte, North Carolina. Thus, BOA is a citizen of the state of North Carolina for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a) and may be served with process through its registered agent, CT Corporation System, at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615.

## JURISDICTION AND VENUE

3. This Honorable Court possesses original jurisdiction over Travelers's claims against BOA pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and the matter in controversy is between citizens of different states.

4. This Honorable Court possesses the power to declare the respective rights and other legal relations of Travelers and BOA as requested herein pursuant to 28 U.S.C. § 2201(a).

5. Venue is proper in United States District Court of South Carolina pursuant to 28 U.S.C. § 121(2) and § 1391(b)(2) because a substantial part of the events giving rise to Travelers's claims occurred in Columbia, South Carolina.

## FACTUAL ALLEGATIONS

6. Travelers issued Crime Policy No. 107032959 on behalf of its insured, Burr & Forman, LLP ("Burr") (the "Policy"), a Birmingham, Alabama-based law firm with offices located throughout the southeastern United States, including in the State of South Carolina.

7. Travelers is the successor to the interests of Burr with respect to the events described herein by virtue of subrogation and assignment, as discussed below.

8. Burr had a business checking account with BOA.

9. In late February and early March 2022, Burr discovered that three fraudulent checks had been drawn on its BOA IOLTA account (the "Account"): (1) Check # 798343 for $68,300.00 made out to and signed by "Robert Tempest" and dated January 5, 2022; (2) Check # 798449 for $25,000.00 made out to and signed by "Sherri L Main" and dated January 13, 2022; and (3) Check # 798470 for $12,590.00 made out to and signed by "Richard M Lindholm" and dated January 18, 2022 (collectively, the "Fraudulent Checks").

10. None of the individuals to which the Fraudulent Checks were made payable are known to Burr.

11. The Account previously belonged to McNair Law Firm, P.A. ("McNair"), a former Columbia, South Carolina-based law firm that Burr acquired on January 1, 2019.

12. On January 22, 2019, the legal name of the Account's accountholder was changed to "Burr & Forman, LLP" (the "Name Change").

13. The Fraudulent Checks paid on the Account bore McNair's name, despite the Name Change over three years earlier.

14. The Fraudulent Checks were written on stock that did not resemble Burr's authentic checks.

15. The Fraudulent Checks were also out of sequence with Burr's authentic checks.

16. Moreover, the drawer signature on the Fraudulent Checks did not match the signatures of the authorized signors on the Account.

17. BOA failed to flag the Fraudulent Checks as potentially fraudulent and contact Burr to confirm that they were authorized.

18. Thus, Burr never verified or approved the Fraudulent Checks for payment.

19. By reviewing its account statements, Burr discovered that the Fraudulent Checks had been fraudulently negotiated and that BOA made payment on the Fraudulent Checks from its account on January 7 (Check # 798343), January 18 (Check # 798449), and January 24, 2022 (Check # 798470), respectively.

20. After this discovery, Burr promptly notified BOA of the fraud and sought reimbursement from BOA.

4874-5901-1991, v. 1

21. BOA ultimately reimbursed Burr in the amount of $1,925.05, presumably consisting of funds recalled from the wrongdoers.

22. However, Burr was left with a $103,964.95 loss as a result of BOA's payment on the Fraudulent Checks.

23. BOA refused to reimburse Burr for the amount of the Fraudulent Checks, forcing Burr to pursue a claim with Travelers under the Policy.

24. After application of the Policy's $25,000 deductible, Travelers paid Burr the sum of $78,964.95 in exchange for an assignment of its recovery rights.

25. As assignee and subrogee to Burr with respect to its claims arising from BOA's payment on the Fraudulent Checks, Travelers made demand upon BOA for $103,964.95.

26. BOA has refused to satisfy Travelers's demand, leading Travelers to bring the present suit to enforce its rights.

**Count I – Payment of Items Not Properly Payable (S.C. Code Ann. § 36-4-401)**

27. Travelers hereby restates the averments contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

28. Under S.C. Code Ann. § 36-4-401, BOA, as the payor bank, was authorized to charge Burr's account only for checks that were "properly payable."

29. S.C. Code Ann. § 36-4-401 provides that a check is "properly payable if it is authorized by the customer and is in accordance with any agreement between the customer and bank." *Id*.

30. S.C. Code Ann. § 36-4-401 imposes a duty on banks to not pay unauthorized checks and requires them to recredit their customers' accounts for the amounts improperly paid.

31. Fabricated checks drawn on a customer's account are not properly payable because they were not authorized by the customer.

32. At the time BOA made payment upon the Fraudulent Checks, the Fraudulent Checks were fabricated, named unauthorized payees, and contained forged or unauthorized signatures.

33. Thus, BOA improperly paid on the Fraudulent Checks in violation of S.C. Code Ann. § 36-4-401 and has a duty to reimburse Travelers, as Burr's subrogee and assignee, for the $103,964.95 it improperly paid on the Fraudulent Checks.

34. Travelers is entitled to the entry of judgment against BOA in the amount of $103,964.95.

WHEREFORE PREMISES CONSIDERED, Travelers prays for the following relief:

a) For the issuance of process requiring BOA to answer Travelers' Complaint;

b) For the entry of judgment against BOA in the amount of $103,964.95;

c) For such further relief, both general and specific, as may be appropriate in accordance with the nature of the cause including, but not limited to, pre-judgment and post-judgment interest.

Respectfully submitted,

*/s/ Taylor S. Ward*
Taylor S. Ward (SC Bar No. 106243)
Attorney ID 14147
MANIER & HEROD
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
(615) 244-0030
(615) 242-4203 (facsimile)
tward@manierherod.com

*Attorney for Travelers Casualty and Surety Company of America*

4874-5901-1991, v. 1